UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALEXIS HENDRY,**

    Plaintiff,

v.                                Case No. 8:10-cv-1849-T-30TGW

**TAMPA SHIP, LLC and**
**JACK EDWARDS,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff Alexis Hendry's Motion to Remand (Dkt. 5) and Defendants Tampa Ship, LLC and Jack Edwards's Response in opposition (Dkt. 9). Upon consideration, the Court concludes that the motion should be denied.

### Background

On July 14, 2010, Plaintiff Alexis Hendry filed a four count complaint for sex discrimination, sexual harassment, retaliation, and battery in violation of the Florida Civil Rights Act in Florida ("FCRA") state court. Hendry does not specify the amount of damages she is seeking. She asserts only that her damages exceed $15,000. In the complaint, Hendry requests an award of damages for "lost wages, benefits and other compensation in the past and future, together with prejudgment interest on the outstanding obligation, or reinstatement, together with compensatory and punitive damages, attorney's fees and costs

and such other relief as may be appropriate under the FCRA." (Dkt. 2). Defendants Tampa Ship, LLC ("Tampa Ship") and Jack Edwards removed this case to federal court on August 18, 2010. Hendry now moves to remand the action to state court.

## Discussion

In the notice of removal, Defendants allege that this Court has jurisdiction over this matter under the diversity statute. Removal jurisdiction exists only if the case could have been originally brought in federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, Hendry argues that Defendants have neither submitted sufficient evidence of complete diversity between the parties nor sufficiently demonstrated that the amount in controversy exceeds the jurisdictional amount.

**A.    Diversity of Citizenship**

In the notice of removal, Defendants state that Hendry is a citizen of and domiciled in Florida, Edwards is a citizen of and domiciled in Mississippi, and Tampa Ship is a citizen of and domiciled in Louisiana. Hendry challenges only the sufficiency of evidence submitted to support Tampa Ship's allegation of citizenship in Louisiana.

According to the notice of removal, Tampa Ship is a limited liability company comprised of five members. All five members are citizens of Louisiana. (Dkt. 1, ¶ 4). For diversity purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*,

374 F.3d 1020, 1022 (11th Cir. 2004). In support of its claim of Louisiana citizenship, Tampa Ship attaches the declaration of Dionne Chouest Austin. Austin is one of Tampa Ship's five members and serves as its general counsel. In her declaration, Austin states that all five members of Tampa Ship are citizens of Louisiana. Because all members are citizens of Louisiana, Tampa Ship is considered a citizen of Louisiana.

Hendry contends that Austin's declaration is neither reliable nor admissible as evidence regarding the citizenship of Tampa Ship. However, Hendry provides no support for this assertion. She merely states that she "believes that Defendants' burden of proof with regard to citizenship of individual members should be more demanding." (Dkt. 5, p. 12). Austin's uncontested declaration is sufficient evidence of Tampa Ship's citizenship. Defendants have, therefore, established complete diversity between the parties.

**B.    Amount in Controversy**

Where, as here, a plaintiff's claims for damages are unspecified in the complaint, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In these cases, removal is proper if the jurisdictional amount is clear and unambiguous from the face of, or readily deducible from, the removing documents. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

The Court determines the sufficiency of the amount in controversy at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In cases like this one, where the case has been removed pursuant to paragraph one of 28 U.S.C. §

1446(b), the moving party may provide additional evidence, such as business records and affidavits, to satisfy its burden. *Id.* at 753-754. A district court may also rely on its "judicial experience and common sense." *Id.*

Defendants contend that a calculation of the amount of back pay alone exceeds the jurisdictional threshold. Back pay is generally calculated from the date of the adverse employment action to the date of judgment. *Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670 at *3 (M.D. Fla. 2005). Defendants have provided the declaration of Defendant Edwards, Tampa Ship's General Manager, which supports the allegation that Hendry's pay at the time of her voluntary resignation on June 24, 2009, was $1,318.75 per week based on pay records. According to Edwards, Hendry was paid an hourly rate of $25.00 for all hours up to forty. She was also paid overtime compensation at a rate of one and one-half times her hourly rate for hours worked over forty, which equals $37.50. Defendants estimate Hendry's wages based on an average of 48.5 hours per week.

Without adding in overtime compensation, Hendry was paid $1,000 per week. Assuming this base weekly rate, from the date of Hendry's resignation to the date of removal on August 18, 2010, Hendry may be entitled to back pay in the amount of $55,000 ($1,000 per week x 55 weeks). Estimating a trial date of August 2011, Defendants would add an additional $57,000 ($1,000 per week x 57 weeks). The total amount in controversy using this calculation method is $112,000, which clearly exceeds the jurisdictional threshold.[1]

---

[1] As of the date of this order, the amount of back pay has already reached approximately $84,000.

First, Hendry attacks the sufficiency of Edwards's declaration by asserting that Edwards has no personal knowledge of Plaintiff's pay records because he does not maintain Tampa Ship's payroll records nor does he work in the payroll department. In his declaration, Edwards states that he has reviewed Hendry's payroll records. He alleges that he has access to the records as General Manager of Tampa Ship. Hendry has provided no evidence to dispute Edwards's personal knowledge of her pay records.

Hendry also argues that Defendants' calculations are based on impermissible speculation under *Lowery* because it "assumes that she will prevail on significant issues that will be vigorously challenged by the Defendants." (Dkt. 5, p. 7.) Though Hendry contends that Defendants calculations fail to take into account potential mitigation of damages and affirmative defenses, she has not provided any evidence which contradict Defendants' calculations. Defendants have provided uncontroverted concrete information which supports its calculation of the amount in controversy at the time of removal. Defendants have shown that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

It is therefore ORDERED AND ADJUDGED that Plaintiff Alexis Hendry's Motion to Remand (Dkt. 5) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 4, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1849.remand 5.frm